# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

ANN L. MOSCOW
TEL: 212.351.3709
FAX: 212.878.8711
AMOSCOW@EBGLAW.COM

NOV 3 0 2007

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

November 27, 2007

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601

> Re: Melendez v. American Red Cross of Westchester County, et al
> 07 CIV. 8094 (KMK)

Your Honor:

This firm represents defendants the American Red Cross of Westchester County (the "Westchester County Chapter") and the American Red Cross of Dutchess County (the "Dutchess County Chapter") in the referenced action.[1] On behalf of defendants, we write to request a pre-motion conference. The Chapters seek to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The specific grounds for the anticipated motion are outlined below.

A.  **Plaintiff's Claims Under Title VII and the ADA Must Be Dismissed Because Defendants Are Not Employers Under Either Statute**

Plaintiff asserts Title VII retaliation claims against both the Westchester County Chapter and the Dutchess County Chapter, and an ADA claim against the Westchester County Chapter. These claims must be dismissed because neither Chapter is an employer within the meaning of Title VII or the ADA.

To be covered under Title VII, an employer must have 15 or more employees in the current or preceding calendar year. 42 U.S.C. § 2000e(a). Similarly, the ADA applies only to employers with 15 or more employees. 42 U.S.C. § 12111(5). Excluding individuals who occasionally teach courses for each of the Chapters, and who are paid on a per diem basis for those courses,[2] neither the Westchester County Chapter nor the Dutchess County Chapter had sufficient employees (including full time and part time employees) to be covered under either

---

[1] Plaintiff incorrectly identifies defendants as the American Red Cross of Westchester County and the American Red Cross of Dutchess County. Defendants' correct names are the Westchester County Chapter of the American Red Cross and the Dutchess County Chapter of the American Red Cross.

[2] Most of the per diem instructors work for other employers, or are retired, and teach courses for the Chapters on occasional Saturdays.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:2206523v1

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Hon. Kenneth M. Karas
November 27, 2007
Page 2

Title VII or the ADA. For this reason alone, plaintiff's Title VII and ADA claims must be dismissed in their entirety.

B.  **Plaintiff's Title VII Retaliation Claim Against the Dutchess County Chapter Must Be Dismissed Because Plaintiff Did Not File an EEOC Charge Against the Dutchess County Chapter**

In January and February 2007, respectively, plaintiff dual-filed a Charge of Discrimination, and an Amended Charge, with the New York State Division of Human Rights ("SDHR"), against the Westchester County Chapter. Complaint, ¶ 6. Represented by her current counsel, plaintiff alleged in the Amended Charge (a copy of which is enclosed) that the Westchester County Chapter retaliated against her (by withdrawing a job offer) when it learned of a prior Charge of Discrimination she had filed against the Dutchess County Chapter, when the Westchester County Chapter checked into plaintiff's prior work experience at the Dutchess County Chapter. Amended Charge, ¶ 4. Thus, at the time of the Amended Charge, plaintiff believed that the Dutchess County Chapter advised the Westchester County Chapter of the prior Charge of Discrimination. Nevertheless, plaintiff affirmatively elected not to name the Dutchess County Chapter in the Charge or Amended Charge.

In the complaint in this action, plaintiff makes the same claim as she made in the Amended Charge, that is, that "[t]he Dutchess office advised the Westchester office of [her] prior Title VII action." Complaint, ¶ 16. To the extent that plaintiff's Title VII retaliation claim against the Dutchess County Chapter in this action rests on this factual allegation - - that the Dutchess County Chapter informed the Westchester County Chapter of her prior Charge of Discrimination - - plaintiff should not be permitted to pursue this claim now. For whatever reason, plaintiff and her counsel chose not to name the Dutchess County Chapter in the Charge of Discrimination, or the Amended Charge. Having made that affirmative decision, plaintiff should not be allowed to benefit by claiming that the alleged actions of the Dutchess County Chapter were reasonably related to the alleged actions of the Westchester County Chapter described in the Amended Charge, and would have become known to the SDHR or the EEOC. Plaintiff made a choice not to name the Dutchess County Chapter in the Amended Charge, and should not be made exempt from the consequences of that decision.[3]

C.  **Plaintiff's ADA Claim Must Be Dismissed Because She Does Not Have a Qualified Disability Under That Statute**

Plaintiff's ADA claim also must be dismissed because plaintiff cannot show that she had a qualified disability. To be covered under the ADA, plaintiff must have an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2). According to the complaint, plaintiff suffers from dyslexia (Complaint, ¶ 10), which allegedly "*affects* a major life activity, i.e., learning, reading and working." Id. at ¶ 11 (italics added).

---

[3] The two Chapters are distinct organizations, with no common employees, different CEOs and Boards of Directors, and separate operations and structures. Such circumstances underscore the inequity of plaintiff's untimely attempt to name the Dutchess County Chapter as a defendant in this action, without naming that Chapter as a respondent in the underlying SDHR Charge.

NY:2206523v1

Hon. Kenneth M. Karas
November 27, 2007
Page 3

The mere fact that plaintiff's dyslexia affects a major life activity is insufficient to invoke the protections of the ADA. " '[T]he ADA clearly does not consider every impaired person to be disabled.' " Teachout v. New York City Dep't of Educ., 2006 WL 452022, *4 (S.D.N.Y. Feb. 22, 2006) (Lynch, J.) (citations omitted). Rather, to be a qualifying condition, the disability must substantially limit a major life activity. Thus, "it is necessary to distinguish between impairments that 'merely *affect* major life activities from those that *substantially limit* those activities.' " Id. "The plaintiff carries the burden of making this distinction." Id. (citation omitted).

Further, when the major life activity at issue is working, plaintiff must show that she is unable to work in a " ' broad class of jobs.' " Teachout, 2006 WL 452022, at *5 (citation omitted). See id. (finding that dyslexia is not a disability under the ADA); Frank v. Plaza Constr. Corp., 186 F. Supp. 420, 433-34 (S.D.N.Y. 2002) (same).

Plaintiff does not claim that her dyslexia substantially limits her activities at all. Indeed, plaintiff states that she did not expect her dyslexia to interfere with her job performance at the Westchester County Chapter (Complaint at ¶ 10), and that, despite her dyslexia, she had an "impressive work history in office administration" and was "highly qualified" for the position she applied for at the Westchester County Chapter. Id. at ¶ 11.[4] Given these statements, plaintiff cannot demonstrate, and has not even alleged, that she had a qualified disability.

Plaintiff also alleges that the Westchester County Chapter perceived her to be disabled, "based on the erroneous assumption that she could not perform the assigned job duties." Id. at ¶ 13. This claim too is legally flawed. To prevail on this claim, plaintiff would have to show that the Westchester County Chapter believed that she suffered from an impairment that, "if it truly existed, would be covered under the [ADA]," and discriminated against her on that basis. Francis v. City of Meriden, 129 F.3d 281, 285 (2d Cir. 1997). Plaintiff also would have to demonstrate that the Chapter perceived her to be incapable of working in a broad range of jobs for which she was qualified. Plaintiff alleges only that the Chapter believed she could not perform the job duties of the Administrative Specialist position for which she applied; she does not claim, and cannot show, that the Chapter believed she was unable to work in a broad class of jobs.

For these reasons, defendants respectfully request the Court's permission to file a motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

*The Court will hold a pre-motion conference on January 23, 2008, at 11:00*

Respectfully,

Ann L. Moscow

SO ORDERED

KENNETH M. KARAS U.S.D.J.
12/6/07

Enclosure
cc: Stephen Bergstein, Esq. (with enclosure)

---

[4] It should be noted that plaintiff worked for the Dutchess County Chapter for nearly five years. During that time, plaintiff never advised the Dutchess County Chapter that she had dyslexia, and never claimed that she had a condition that substantially limited her ability to work.

NY:2206523v1