UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
LORITZA MELENDEZ,

      Plaintiff,                                    07 Civ. 8094 (KMK)

-vs-

                                                  **AMENDED COMPLAINT**

WESTCHESTER COUNTY CHAPTER
OF THE AMERICAN RED CROSS and             **JURY TRIAL DEMANDED**
DUTCHESS COUNTY CHAPTER OF
THE AMERICAN RED CROSS,

      Defendants.
-----------------------------------------------------X

## INTRODUCTION

1. Plaintiff Loritza Melendez brings this action to enforce the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the New York Executive Law.

## PARTIES

2. Plaintiff is a woman residing in Wappingers Falls, New York, within this Judicial district.

3. Defendant Westchester County Chapter of the American Red Cross is an organization organized pursuant to the laws of the State of New York. It may sue and be sued.

4. Defendant Dutchess County Chapter of the American Red Cross is an organization organized pursuant to the laws of the State of New York. It may sue and be sued.

**JURISDICTION**

5. As plaintiff brings this action to enforce the Americans with Disabilities Act and the Civil Rights Act of 1964, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(3) &(4), 42 U.S.C. § 2000e et seq and 42 U.S.C. §12212 et seq.

6. On January 24, 2007, plaintiff dual-filed a charge of discrimination against Westchester County Chapter of the American Red Cross, alleging violations of the Americans with Disabilities Act and the New York Executive Law.  Plaintiff amended that charge on February 7, 2007, alleging that the Westchester Chapter retaliated against her in violation of Title VII of the Civil Rights Act of 1964 in connection with her prior lawsuit against the Dutchess Chapter.

7. On August 3, 2007, plaintiff received the EEOC's right to sue letter on the discrimination charge against the Westchester Chapter.  Plaintiff brings this action less than 90 days of her receipt of the right to sue letter.

8. As plaintiff alleges that the Dutchess Chapter retaliated against her in making a negative reference to the Westchester Chapter, her claim against the Dutchess Chapter was reasonably related to her administrative charge of discrimination against the Westchester Chapter.

9. As the State law claims arise from the same nucleus of operative facts as the Federal claims, this Honorable Court has subject matter jurisdiction over them pursuant to 28 U.S.C. § 1367.

**FACTUAL AVERMENTS**

10. In early December 2006, plaintiff sought employment with Westchester County Chapter of the American Red Cross. Following her interviews with Michelle Coleman, Director of Human Resources and Administration, and James Dennis, CEO of the Westchester Chapter, plaintiff was offered the position of Administrative Specialist.

11. Plaintiff was scheduled to begin working for the Westchester Chapter on January 18, 2007. However, on January 16, 2007, shortly after the Westchester Chapter extended the job offer, plaintiff advised Coleman over the telephone that she suffers from Dyslexia. While plaintiff did not expect this disability to interfere with her job performance, she told Coleman about it to prevent any misunderstandings in the event that the symptoms became noticeable.

12. Plaintiff's learning disability substantially limits the major life activities of learning, reading and working. However, plaintiff's impressive work history in office administration as set forth in her resume confirms that she was highly qualified for the Administrative Specialist position.

13. A few hours after plaintiff told Coleman about her disability, Coleman called her to advise that she was withdrawing the job offer because she did not want to constantly supervise someone with plaintiff's disability. Coleman further stated that the position required someone who can work with minimal supervision and hit the ground running and that plaintiff was no longer qualified for the position.

14. At a minimum, the Westchester Chapter denied plaintiff the position based on its

perception that plaintiff suffered from a learning disability that substantially limits the major life activities of learning, reading and working in a broad class of jobs, including the Administrative Specialist position.

15. The Westchester Chapter further denied plaintiff the Administrative Specialist position in retaliation for the racial discrimination charge that she filed with the EEOC in 2005. That charge – alleging discrimination in connection with plaintiff's employment with the Dutchess County Chapter of the American Red Cross – settled through the EEOC in September 2005.

16. The resume that plaintiff provided to the Westchester Chapter referenced her experience with the Dutchess Chapter. When the Westchester Chapter checked plaintiff's references, the Dutchess Chapter unfairly disparaged plaintiff's qualifications for the Administrative Specialist position by stating that she was "not a team player," "would not be ideal" and lacked leadership skills.

17. The Dutchess office advised the Westchester Chapter of plaintiff's prior Title VII action.

18. In contrast to the Dutchess Chapter's negative reference, plaintiff's other former employers contacted by the Westchester Chapter gave her positive references.

19. The Dutchess Chapter's negative reference for plaintiff was in retaliation for her prior action against that office which settled through the EEOC.

20. The retaliatory negative reference would reasonably have come to the attention of EEOC and State Division of Human Rights investigators handling plaintiff's dual-filed charge against the Westchester Chapter.

21. As a result of defendants' discriminatory and retaliatory actions, plaintiff has lost back pay and benefits. She has also suffered physical and mental pain and suffering.

**CAUSES OF ACTION**

22. Plaintiff incorporates the allegations in ¶¶ 1-21 as if fully restated herein.

23. Defendant Westchester County Chapter of the American Red Cross denied plaintiff employment in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the New York Executive Law.

24. Defendant Dutchess County Chapter of the American Red Cross retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the New York Executive Law.

WHEREFORE, plaintiff prays that this Honorable Court:

a.  Accept jurisdiction over this action;

b.  Empanel a jury to fairly hear and decide this action;

c.  Award to plaintiff compensatory damages for pain and suffering, back pay and front pay;

d.  Award to plaintiff punitive damages for the wanton violation of her civil rights in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964;

e.  Award plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

f.  Order any such other relief deemed just and proper.

Dated: March 11, 2008

                                                                          Respectfully submitted,

                                                    S/_____
                                                       STEPHEN BERGSTEIN (6810)

                                                       BERGSTEIN & ULLRICH, LLP
                                                              15 Railroad Avenue
                                                           Chester, New York 10918
                                                                  (845) 469-1277
                                                               Counsel for plaintiff