UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

LORITZA MELENDEZ,

                     Plaintiff,

            - against -

WESTCHESTER COUNTY CHAPTER OF THE
AMERICAN RED CROSS and DUTCHESS COUNTY
CHAPTER OF THE AMERICAN RED CROSS,

                     Defendants.

------------------------------------- x

07 CIV. 8094 (KMK)

**ANSWER TO AMENDED COMPLAINT**

        Defendants Westchester County Chapter of the American Red Cross (the "Westchester County Chapter"), and the Dutchess County Chapter of the American National Red Cross (the "Dutchess County Chapter"), by their attorneys, Epstein Becker & Green, P.C., in answer to the amended complaint respond as follows:

        1.     Deny the allegations set forth in paragraph 1, except admit that plaintiff purports to bring this action as set forth therein.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, except admit that plaintiff is a woman and that Wappinger Falls, New York is within this judicial district.

        3.     Deny the allegations set forth in paragraph 3, except admit that the Westchester County Chapter may sue and be sued.

        4.     Deny the allegations set forth in paragraph 4, except admit that the Dutchess County Chapter may sue and be sued.

        5.     Deny the allegations set forth in paragraph 5, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

6. Deny the allegations set forth in paragraph 6, except admit that plaintiff purports to have proceeded as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Deny the allegations set forth in paragraph 8, except insofar as paragraph 8 calls for a legal conclusion to which no response is required.

9. Deny the allegations set forth in paragraph 9, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

10. Deny the allegations in paragraph 10, except admit that in or about early December 2006, plaintiff sought employment with the Westchester County Chapter.

11. Deny the allegations set forth in paragraph 11, except admit that plaintiff advised the Westchester County Chapter's Director of Human Resources, Ms. Michelle Coleman, that she had dyslexia, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of this paragraph.

12. Deny the allegations set forth in paragraph 12, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.

13. Deny the allegations set forth in paragraph 13.

14. Deny the allegations set forth in paragraph 14.

15. Deny the allegations set forth in paragraph 15, except admit that plaintiff's prior EEOC charge was settled in or about September 2005.

16. Deny the allegations set forth in paragraph 16, except admit that plaintiff's resume referenced her experience with the Dutchess County Chapter.

17. Deny the allegations set forth in paragraph 17.

18. Deny the allegations set forth in paragraph 18.

19. Deny the allegations set forth in paragraph 19.

20. Deny the allegations set forth in paragraph 20.

21. Deny the allegations set forth in paragraph 21.

22. Defendants repeat their responses to paragraphs 1 through 21.

23. Deny the allegations set forth in paragraph 23.

24. Deny the allegations set forth in paragraph 24.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

25. The complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

26. Plaintiff's claims for damages are barred, in whole or in part, because, on information and belief, she has failed to mitigate her damages.

### THIRD DEFENSE

27. As instrumentalities of the federal government, defendants are immune from suit for punitive damages.

### FOURTH DEFENSE

28. The Westchester County Chapter withdrew its conditional offer of employment to plaintiff for legitimate business reasons.

## FIFTH DEFENSE

29. The Dutchess County Chapter provided accurate and truthful information to the Westchester County Chapter concerning plaintiff's employment there.

## SIXTH DEFENSE

30. Plaintiff was not disabled within the meaning of the Americans with Disabilities Act ("ADA"), nor was she perceived as disabled.

## SEVENTH DEFENSE

31. Plaintiff was not disabled within the meaning of New York Executive Law.

## EIGHTH DEFENSE

32. Defendants' actions towards plaintiff were at all times taken in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and were reasonable under the circumstances.

## NINTH DEFENSE

33. Plaintiff's damages, if any, were caused by her own culpable conduct.

## TENTH DEFENSE

34. Plaintiff's claims against the Dutchess County Chapter must be dismissed for her failure to comply with all administrative prerequisites to suit.

## ELEVENTH DEFENSE

35. The Dutchess County Chapter is not an employer within the meaning of Title VII of the Civil Rights Act of 1064 or the ADA and, therefore, plaintiff's claims against it must be dismissed.

WHEREFORE, defendants respectfully request that this Court dismiss the amended complaint in its entirety with prejudice; award defendants their costs and fees incurred in defending this action, including reasonable attorneys' fees, and grant defendants such other relief as the Court deems just and proper.

Dated: New York, New York  
      April 14, 2008

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Ann L. Moscow  
    Kenneth W. DiGia  
    Ann L. Moscow

250 Park Avenue  
New York, New York  10177-1211  
(212) 351-4500  
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 14, 2008, I presented Defendants' Answer to the Amended Complaint to the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record: Stephen Bergstein, Esq., Bergstein & Ullrich, LLP, 15 Railroad Avenue, Clinton, NY 10918, counsel for plaintiff.

/s/ Ann L. Moscow
Ann L. Moscow
Attorney for Defendants


EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500 Telephone
(212) 661-0989 Facsimile
Email: amoscow@ebglaw.com