UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
LORITZA MELENDEZ,

        Plaintiff,

— against —

WESTCHESTER COUNTY CHAPTER OF THE
AMERICAN RED CROSS and DUTCHESS COUNTY
CHAPTER OF THE AMERICAN RED CROSS,

        Defendants.
- - - - - - - - - - - - - - - - - - - - x

07 Civ. 8094 (KMK) (GAY)

CONFIDENTIALITY
STIPULATION AND ORDER

WHEREAS, the parties to this action, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court, Southern District of New York, are engaging in discovery; and

WHEREAS, documents will be exchanged between the parties; and

WHEREAS, the parties acknowledge that such documents and other materials are or may be of a confidential nature as defined herein;

NOW, THEREFORE:

IT IS HEREBY STIPULATED AND AGREED by and between each of the parties to this action and their respective counsel that:

    1.    In connection with discovery proceedings in this action, any party may, by written notice, designate any non-public document, material or information as "Confidential" under the terms of this Confidentiality Stipulation and Order ("Order").

    2.    "Confidential" information, as used herein, means any type or classification of information, whether it be in a document or in a response to an interrogatory or a deposition question or any other discovery device, that plaintiff's or defendants' attorneys

designate as "Confidential," including documents designated as confidential that were previously produced.

3. Documents, material or information covered by this Order shall include, but not be limited to: interrogatory questions and answers and exhibits thereto, demands to admit or admissions, requests for the production of documents and responses thereto, and any other documents produced or served by plaintiff or defendants, whether pursuant to any rule, subpoena or by agreement; deposition transcripts produced in connection with this action and any exhibits thereto; any other physical objects or things, as may be appropriate for the implementation of the purposes of this Order; and any papers, including court papers, which quote from, summarize or refer to any of the foregoing.

4. Any documents, material or information (including portions thereof) to be designated "Confidential," may be so designated either by furnishing a separate written notice to counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable, specifically identifying the documents or material as "Confidential" or by stamping the documents, material or information with the legend "Confidential" prior to their production. Stamping such a legend on the cover or top page of any bound multi-page document shall so designate all pages of such document, unless otherwise indicated by the producing party.

5. Documents (including portions thereof), material or information designated as "Confidential," including any photocopies, or information derived therefrom, shall not be disclosed or made available by the party receiving such information except to "Qualified Persons," who are defined to consist solely of:

2

a. The Court, (including, but not limited, to court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court or agreed to by the parties);

b. the parties;

c. attorneys, paralegals and staff personnel working on this case;

d. the author, addressee(s), other recipient(s), or other person(s) having independent knowledge of the information contained in the materials to the extent counsel reasonably deems necessary for the prosecution, defense or settlement of this action;

e. a person referenced in or in anyway the subject of the materials to the extent counsel reasonably deems necessary for the prosecution, defense or settlement of this action;

f. outside consultants or expert witnesses who are being used for the purpose of assisting counsel in their case;

g. where necessary, actual or potential deposition or trial witnesses who have been identified as deposition or trial witnesses or whom counsel (or a party) have a good faith basis to believe will be actual or potential deposition or trial witnesses in this action; or

h. witnesses, to the extent counsel reasonably deems necessary for the prosecution, defense or settlement of this action; and

i. a consented to mediator.

6.      The provisions of this Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Order. References to a "party" or "parties" herein shall also include such non-parties.

7.      The signatures of plaintiff's attorney and defendants' attorneys to this Order indicate the parties' intention that they be, and hereby are, bound to the terms of this Order.

8.      Each Qualified Person given access to documents, material or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents,

3

material or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to its terms. Prior to providing copies of any such materials to any of the persons identified in items 5(d)-(i), counsel seeking to show the information shall: (i) show the individual a copy of this Order; (ii) have that individual sign the Certification attached as Appendix A; and (iii) inform the individual signing the Certification that, if there is any unauthorized disclosure of the Confidential information, he or she may be in contempt of Court. The signed Certification must be maintained by counsel obtaining such Certification. Opposing counsel may request an inspection of said Certification(s) if a good faith belief exists that Confidentiality has been breached.

9.  All "Confidential" information properly sought and disclosed by the parties, whether in response to interrogatories, requests for production of documents, oral deposition questions, or any other methods of discovery authorized by the Federal Rules of Civil Procedure will be subject to the terms and conditions of this Order. The parties reserve their respective rights to object to the production of such information on any of the grounds permissible under the Federal Rules of Civil Procedure. Nothing in this Stipulation and Order shall be deemed a waiver by any party of any challenges it has to another party's designation of information as "Confidential," nor shall anything contained in this Stipulation and Order be deemed an admission by any party that any particular information, or category of information, is properly classified as "Confidential."

10. In the event that the parties disagree at any stage of these proceedings with the designation by the parties' attorneys of any information as "Confidential," the parties will try first to resolve such dispute in good faith on an informal basis, and following that, may ask the Court to resolve the dispute.

4

11. The inadvertent or unintentional disclosure by plaintiff or defendants of "Confidential" documents, material or information that was not so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party opposing such a designation may cite the fact that the information was previously produced without the "Confidential" designation and the Court may consider that fact in deciding whether such information shall be "Confidential."

12. The inadvertent or unintentional disclosure of any "Confidential" document, material or information shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such inadvertent production.

13. In the event documents, material or information designated as "Confidential" are to be presented to the Court such documents, material or information and any pleadings, motions or other papers filed with the Court disclosing any such confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

14. Documents, material or information designated as "Confidential," or information derived therefrom, shall be used by the persons receiving them solely and exclusively for the purposes of preparing for and conducting this action and none other.

15. At the conclusion of these proceedings (including appeals, if any), all documents, material or information designated as "Confidential" and in the possession of

5

counsel, or any other person who has received such documents pursuant to the provisions of this Order, together with any and all copies, extracts and summaries thereof (other than extracts and summaries constituting work product, or used in preparation for litigation, or as exhibits at trial), shall be returned to the parties' respective counsel, and the information contained in said documents shall not be used in any other judicial or other proceeding or for any other purposes. If such documents contain privileged information or attorney work product, such documents will be destroyed and the counsel destroying such documents will provide a written representation to that effect. Sealed records that have been filed with the clerk shall be removed by the party submitting them (1) within ninety days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty days after final disposition of the appeal, or (3) within thirty days of the conclusion of any continuing jurisdiction of the Court. Parties failing to comply with this shall be notified by the clerk that should they fail to retrieve the sealed records within thirty days, the clerk may dispose of them.

16.     The parties agree to consult before trial, in good faith, regarding the treatment of "Confidential" material at trial. In the event that the parties are unable to reach agreement, either party may ask the Court to resolve the dispute. The parties agree to abide by the terms of this Order pending the resolution by the Court of any such dispute.

17.     The undersigned represent that this Order has been entered into with a full understanding of all provisions contained herein.

9

18. The undersigned agree to be bound by the provisions of this Order pending its approval by the Court.

New York, New York
August 18, 2008

BERGSTEIN & ULLRICH, LLP

By: _____
Stephen Bergstein, Esq.

15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Attorney for Plaintiff

EPSTEIN BECKER & GREEN, P.C.

By: _____
Kenneth W. DiGia, Esq.
Ann L. Moscow, Esq.
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendants

SO ORDERED:

_____
Honorable George A. Yanthis
United States Magistrate Judge

Dated: August ___, 2008

7