# BERGSTEIN & ULLRICH, LLP
- ATTORNEYS AT LAW -

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE  (845) 469-1277
FACSIMILE  (845) 469-5904
E-MAIL:  thefirm@tbulaw.com
www.tbulaw.com

Stephen Bergstein
Helen G. Ullrich



Of Counsel
Christopher D. Watkins

August 4, 2008

Hon. George A. Yanthis
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    Melendez v. Westchester County Chapter of the American Red Cross, et al.
              07 Civ. 8094 (KMK) (GAY)

Dear Judge Yanthis:

This firm represents plaintiff in the above-referenced case. I am writing to advise the Court of a discovery dispute which requires judicial intervention.

Plaintiff brings this action pursuant to the Americans With Disabilities Act and the New York Executive Law. Her disabilities claim against Westchester County Chapter of the American Red Cross alleges that she was denied a position with that office because of her disability, Dyslexia. She also claims that the Dutchess County Chapter of the American Red Cross gave plaintiff a negative recommendation for the Westchester County Red Cross position in retaliation for her prior EEOC complaint against the Dutchess County Chapter, where she previously worked.

In discovery, plaintiff requested her personnel file from the Dutchess County Chapter. As noted above, plaintiff had previously worked for the Dutchess County Chapter before applying to work

for the Westchester County Chapter. Plaintiff requested the personnel file because preliminary document review in this case shows that the only negative recommendation in her application file for the Westchester position came from Willis McCree of the Dutchess County Chapter. Plaintiff believes that McCree had no basis to issue a negative recommendation, and that her personnel file with the Dutchess County Chapter would contradict McCree's assertion to the Westchester County Chapter that she is not a team player.

Pursuant to this Court's rules governing discovery disputes, I wrote to counsel for defendant to advise that the personnel file is relevant for the purposes outlined in the above paragraph. On August 1, 2008, counsel responded, stating that the request was overbroad and not likely to lead to admissible evidence because McCree provided his opinion of plaintiff's job performance solely on the basis of his personal observations, without relying on the personnel file.[1] This is not a legitimate basis to object to plaintiff's demand. If plaintiff's personnel file shows that she was a good employee and, in fact, a team player, those contemporaneous records would show that McCree's negative recommendation was made in bad faith. It is unusual for an employer-defendant to refuse to produce the plaintiff's personnel file, and we maintain that this file is useful for determining whether the negative recommendation had any basis in fact.

Very truly yours,

Stephen Bergstein

cc: Ann L. Moscow, Esq.

---

[1] Copies of this correspondence are enclosed.

# BERGSTEIN & ULLRICH, LLP

- ATTORNEYS AT LAW -

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL: thefirm@tbulaw.com
www.tbulaw.com

Stephen Bergstein
Helen G. Ullrich

*Of Counsel*
Christopher D. Watkins



**VIA FACSIMILE (212) 661-0989**
July 23, 2008

Ann Moscow, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, N.Y. 10177

Re:   Melendez v. Westchester County Chapter of American Red Cross et al., 07 Civ. 8094 (KMK)

Dear Ms. Moscow:

I have reviewed defendants' responses to the first set of document demands and see that defendants are objecting to producing plaintiff's personnel file at Dutchess County Red Cross. Under the rules at the White Plains Courthouse, we have to attempt to resolve this dispute expeditiously. I believe the personnel file is relevant to this case, as the Dutchess office gave the Westchester office a negative recommendation for plaintiff. As we claim that the negative recommendation was in retaliation for the prior EEOC action, the personnel file is relevant to determine if the negative recommendation had any basis in fact.

Very truly yours,

Stephen Bergstein

Stephen Bergstein

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

DIRECT:
(212) 351-3709
AMOSCOW@EBGLAW.COM

August 1, 2008

**By Facsimile**

Stephen Bergstein, Esq.
Bergstein & Ullrich, LLP
15 Railroad Avenue
Chester, NY  10918

       Re:   Melendez v. Westchester County Chapter of the
             American Red Cross et al.
             07 CV 8094 (KMK)

Dear Mr. Bergstein:

       I write in response to your July 23 letter concerning plaintiff's request for the production of her personnel file as maintained by the Dutchess County Chapter of the American Red Cross. As explained below, defendants believe that the request is overbroad in time and scope, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

       In January 2007, Ms. Michelle Coleman, the Director of Human Resources Administration for the Westchester County Chapter, contacted Mr. Willis McCree, the Executive Director of the Dutchess County Chapter, to obtain a reference for Ms. Melendez, in connection with her application for employment at the Westchester County Chapter. Mr. McCree provided his opinion of Ms. Melendez's job performance based exclusively upon his personal observations and interactions with her during the time they both were employed at the Dutchess County Chapter. Ms. McCree did not rely on anything contained in Ms. Melendez's personnel file. In fact, Mr. McCree did not review Ms. Melendez's personnel file, or anything contained therein, at any time before speaking with Ms. Coleman. Mr. McCree will testify to these facts.

       In addition, Mr. McCree had no input into any of Ms. Melendez's annual performance appraisals during her employment at the Dutchess County Chapter. Thus, the performance appraisals contained in Ms. Melendez's personnel file (which were prepared by her

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Stephen Bergstein, Esq.
August 1, 2008
Page 2

supervisors, and not by Mr. McCree) are not relevant to Mr. McCree's opinion of Ms. Melendez's job performance.

As you know, Ms. Melendez worked for the Dutchess County Chapter from 2000 to approximately September 2005. Mr. McCree did not even begin his employment at the Chapter until April 2004, and did not become its Executive Director until July 2005. These facts also demonstrate that the request for Ms. Melendez's entire personnel file is overbroad in time and scope.

In your letter, you stated that Ms. Melendez's personnel file is relevant to determine if Mr. McCree's reference had any factual basis, or if it was in retaliation for Ms. Melendez's prior discrimination charge. You failed, however, to explain how anything in Ms. Melendez's personnel file will inform this inquiry. In fact, given the facts described above, nothing in the personnel file will shed light on Mr. McCree's opinion of Ms. Melendez's job performance, or the basis for that opinion.

For all these reasons, defendants' position remains that your request for Ms. Melendez's personnel file from the Dutchess County Chapter is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Sincerely,

*Ann L. Moscow*
Ann L. Moscow