# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

(212) 351-3709
amoscow@ebglaw.com

August 12, 2008

Hon. George A. Yanthis
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Melendez v. Westchester County Chapter of the American Red Cross et al.;
      07 CV 8094 (KMK) (GAY)

Your Honor:

On defendants' behalf, I respond to plaintiff's August 4 letter to the Court. Defendants oppose plaintiff's request for production of her personnel file from the Dutchess County Chapter of the American Red Cross ("Dutchess County Chapter") for the reasons described below.

The relevant facts are described in defendants' August 1, 2008 letter to plaintiff's counsel (submitted to the Court), and in the enclosed Affidavit of Mr. Willis McCree, the Executive Director of the Dutchess County Chapter. More than two years after plaintiff left her employment at that Chapter, she applied for employment at the Westchester County Chapter. Upon request of Ms. Michelle Coleman, the Westchester County Chapter Human Resources Manager, Mr. McCree provided a reference for Ms. Melendez, a copy of which is enclosed.

Mr. McCree's opinion of Ms. Melendez's job performance was based exclusively upon his personal observations of, and interactions with, her, while they both worked at the Dutchess County Chapter. Mr. McCree never: directly supervised Ms. Melendez; evaluated her

ATLANTA  •  CHICAGO  •  DALLAS  •  HOUSTON  •  LOS ANGELES  •  MIAMI
NEWARK  •  NEW YORK  •  SAN FRANCISCO  •  STAMFORD  •  WASHINGTON, D.C.

NY:2591810v1

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

job performance; provided any input into her annual appraisals; or reviewed Ms. Melendez's personnel file before speaking with Ms. Coleman. [1]

Plaintiff claims that Mr. McCree gave her a "negative recommendation" in retaliation for an EEOC charge she filed against the Dutchess County Chapter, and that the alleged contradiction between Mr. McCree's recommendation and the evaluations in her personnel file will prove this. Her speculation that her personnel file will show that Mr. McCree's negative recommendation was made in bad faith is not tenable. While Mr. McCree may have had a different view of Ms. Melendez's job performance than the supervisors who wrote her yearly evaluations, that means nothing. "Reasonable minds may disagree;" such a disagreement does not mean that Mr. McCree acted in bad faith, or that he was motivated by an unlawful purpose. The fact that Mr. McCree's recommendation may have differed from evaluations into which he had no input (and did not even review) provides no basis to conclude he acted in bad faith. Moreover, plaintiff's position that the prior evaluations would demonstrate the falsity of Mr. McCree's recommendation will unnecessarily complicate this matter, and would require mini-trials to determine the validity of those prior evaluations. [2]

For these reasons, defendants object to the production of Ms. Melendez's personnel file from the Dutchess County Chapter.

Respectfully submitted,

Ann L. Moscow

Enclosures
cc:    Stephen Bergstein, Esq.

---

[1] During the approximately two months when Mr. McCree was the Chapter's Executive Director, and Ms. Melendez was still employed there (from the middle of July 2005 to the middle of September 2005), she was on leave and out of the Chapter the majority of the time.

[2] Plaintiff's request for her personnel file also is overbroad in time and scope. Ms. Melendez started working at the Dutchess County Chapter in 2000, long before Mr. McCree began working there, and seven years before Ms. Melendez applied for employment at the Westchester County Chapter.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORITZA MELENDEZ,                                          :

                    Plaintiff,                    :    07 Civ. 8094 (KMK) (GAY)

              – against –                     :

:    **AFFIDAVIT OF**
WESTCHESTER COUNTY CHAPTER OF THE       :    **WILLIS McCREE**
AMERICAN RED CROSS and DUTCHESS COUNTY   :
CHAPTER OF THE AMERICAN RED CROSS,       :

               Defendants.                  :

:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE   OF   NEW   YORK)
                )   ss.:
COUNTY OF DUTCHESS   )

      Willis McCree states the following, under penalty of perjury:

      1.     I am the Executive Director of the Dutchess County Chapter of the American Red Cross ("Dutchess County Chapter"), and have held this position since July 2005. Prior to that, I was the Director of Development at the Dutchess County Chapter from April 2004, when I began my employment there.  As such, I am familiar with the facts and circumstances set forth herein.

      2.     From the time I began my employment at the Dutchess County Chapter, Ms. Loritza Melendez was an administrative assistant there (until her employment ended in about September 2005). I did not supervise Ms. Melendez. On occasion, however, I asked her to assist me with certain work. I also observed Ms. Melendez and interacted with her on a regular basis. While our employment at the Dutchess County overlapped, I never evaluated Ms. Melendez's job performance, and never provided any input into her yearly appraisals. There is

nothing in Ms. Melendez's personnel file that would reflect my appraisal of her performance, nor would any of the appraisals in that file reflect my evaluation of her job performance.

3.     During the two months that elapsed between the time I became the Executive Director of the Chapter (in approximately the middle of July 2005) and the time that Ms. Melendez's employment ended (in approximately the middle of September 2005), my recollection is that Ms. Melendez was on leave and out of the Chapter the majority of the time. Thus, I did not directly supervise her even during this time.

2.     In January 2007, Ms. Michelle Coleman, the Director of Human Resources Administration for the Westchester County Chapter of the American Red Cross ("Westchester County Chapter"), contacted me to obtain a reference for Ms. Melendez, in connection with Ms. Melendez's application for employment at that Chapter. I gave Ms. Coleman my opinion as to Ms. Melendez's job performance based solely upon my personal observations of, and interactions with, her.

3.     When I provided my reference about Ms. Melendez to Ms. Coleman, I did not rely on anything contained in Ms. Melendez's personnel file, nor did I review anything in her personnel file at any time before speaking with Ms. Coleman.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Willis McCree

Executed on
this  8th  day of August, 2008

_____
Notary Public

**MARY JO L. GOTH**
**NOTARY PUBLIC, State of New York**
Reg. No. 4970456
Qualified in Dutchess County
Commission Expires _8 | 13 | 2012_

2

## CANDIDATE REFERENCE CHECK

Candidate Name: _Kortize Melendez_

Position Applied For: _Admn Specialist_

Reference Contact Name: _Willis McCrea_ _some time ago_

Reference Type: _X_ Organization ____ Personal ____ Co-Worker

What was our candidate's Title while employed at your organization? (As Applicable)
_Admin Asst_

What was your association with our candidate for employment?
_absent absolve to liable_

Can you comment on candidate's work ethic, i.e., attendance, punctuality, dependability, integrity, etc.?
_Would not be ideal_          _mutual agreement_

Were assignments completed in a timely fashion without a lot of follow-up?
_Needed specific expectations but could then follow-through_

Was candidate a team player and cooperative in a team environment?
_Not a team player_

Did candidate display any leadership qualities? Please comment.
_None_

Did candidate require much supervision or did he/she work well independently?

What were the circumstances surrounding candidates termination/resignation?
_Computer Skill good_

Other Comments:

_MBColeman_

D 00004